IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL L. DIETLE,

        Plaintiff,                    No. CIV S-09-1142 KJM P

    vs.

MIKE McDONALD, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(2). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007)

and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The exact nature of plaintiff's claims is difficult to discern because the complaint follows no logical pleading style but rather appears to contain a summary of plaintiff's thoughts just as they occurred to him, in stream-of-consciousness fashion. Also, it is not clear to the court whether plaintiff is attempting to plead that all the events in the complaint occurred in retaliation for his lawsuit against Pleasant Valley State Prison.

### A. Denial Of Access To The Courts

Plaintiff suggests he was denied access to the courts because several of the defendants refused to give him his legal property for a period of time, which caused him to miss a deadline in a habeas action pending in the Fresno division of this court. However, he also alleges that a different correctional officer, not named in the caption as a defendant, took plaintiff's transcripts apart and so disturbed his legal materials that plaintiff was unable to use these transcripts as exhibits in a state habeas action. He does not say, however, that this inability had any impact on his ability to litigate his state habeas action.

An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). A prisoner's separation from his legal materials might implicate his right of access to the courts. To prevail, however, an inmate must show "actual injury" from the deprivation. Lewis v. Casey, 518 U.S. 343, 351 (1996). To the extent that plaintiff alleges he missed a deadline in his federal habeas case, he has stated a claim for denial of access to the courts against defendants McCoy and Lockheart. However, if plaintiff is also alleging that Correctional Officer Diaz violated his right of access to the courts by putting his legal materials in disarray, he has not shown that his ability to litigate in state court was hampered by this action.

/////

/////

### B. Confiscation Of Property

Plaintiff alleges that defendants Owens and Cross confiscated plaintiff's journal, which he maintains because a head injury has made it difficult for him to remember events.

Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31(1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990). California law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff's claim based on confiscation of his journal does not state a constitutional claim.

### C. Placement In Segregation

Plaintiff alleges that defendants Lockheart and Smith put plaintiff in a cell fouled with the previous occupant's bodily waste and that defendants McCoy, Owens and Cross provided plaintiff with blankets saturated with the previous occupant's urine. Plaintiff also alleges that his cell is cold and that he has not been provided blankets. In addition, the cell has no hot water and no power, so plaintiff is unable to plug in his CD player, even though as a CCCMS inmate, he has a right to have a radio. Moreover, there is no television in the dayroom.

Routine discomfort and restrictive or even harsh prison conditions "are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Plaintiff's claim that he is denied access to his radio, CD player or to a television in the dayroom does not rise to the level of a constitutional violation. See Murphy v. Walker, 51 F.3d 714, 718 (7th Cir. 1995) (denial of television does not constitute cruel and unusual punishment). However, plaintiff's claim that his cell was covered in excrement and his

4

blankets soaked in urine, and that he was otherwise deprived of cotton blankets and hot water, may state a claim under the Civil Rights Act.

### D. Retaliation

Plaintiff suggests that at least some of the actions described in the complaint were undertaken because he pursued grievances against staff at High Desert State Prison and because he had previously challenged conditions at Pleasant Valley State Prison.

Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the constitution whether or not the underlying misconduct would establish a constitutional violation. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

An allegation of harm, rather than of chill, may be a sufficient basis for a claim of retaliation. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Plaintiff's allegations might state a claim of retaliation, but it is not clear whether he is alleging that all or only some of the actions taken against him were retaliatory.

### E. The Warden As A Defendant

Plaintiff names the warden as one of the defendants but alleges only that he sent a letter to McDonald "about what was going on." Supervisory personnel generally are not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations

5

are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Although the warden might be liable if he failed to correct constitutional violations brought to his attention, plaintiff has not described what he told defendant McDonald.

### F. Attachments

Plaintiff has supported his complaint with a number of exhibits that appear to have little to no bearing on the matters raised in the complaint.  Plaintiff is cautioned against including things with no relationship to his claims.  Should he continue to do so, he may face restrictions on his ability to file or dismissal of the action.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

In addition, plaintiff's complaint is difficult to understand because it contains much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against which defendants."  McHenry v. Renne,  84 F.3d 1172, 1176 (9th Cir. 1996).  As a model of concise pleading, the McHenry court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

  1. Allegation of jurisdiction.

  2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

/////

/////

6

> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id. Plaintiff should attempt to follow this model in preparing any amended complaint.

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint, in the event plaintiff is able to amend while complying with Federal Rule of Civil Procedure 11.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (docket no. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. In the alternative, within the same thirty day period, plaintiff may inform the court he wishes to proceed on his claim of the denial of access to the courts against defendants McCoy and Lockheart only.

DATED: November 23, 2009.

_____
U.S. MAGISTRATE JUDGE

2
diet1142.14

8